**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Brett B. Goodman** (SBN 260899)
213.374.3543 | bgoodman@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Southwest Credit Systems, LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER,<br><br>    Plaintiff,<br><br>vs.<br><br>SOUTHWEST CREDIT SYSTEMS, L.P.; DOES 1-10 INCLUSIVE.<br><br>    Defendant. | Case No.: 5:16-cv-01044<br><br>[Removal from the Superior Court of California for the County of Riverside, Case No. RIC1603776]<br><br>**DEFENDANT SOUTHWEST CREDIT SYSTEMS, LP'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(C), AND 1446**<br><br>[FEDERAL QUESTION] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Southwest Credit Systems, LP, ("Defendant") hereby removes the action described below from the Superior Court of California for the County of Riverside, to the United States District Court for the Central District of California, pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

On or about April 1, 2016, plaintiff Carrie Couser ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Riverside ("Superior Court"), entitled *Carrie Couser v. Southwest Credit Systems, L.P.,* Case No. RIC1603776. In the Complaint, Plaintiff alleges, among other things, that Defendant furnished inaccurate information to credit reporting agencies regarding a debt owed by Plaintiff. Complaint, ¶¶ 5, 9. Based on these allegations, Plaintiff asserts three causes of action against Defendant: (1) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788 *et seq.*; (2) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and (3) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code 1785.25(a). The Complaint is attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

Because this action arises under federal law (the FCRA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Further, this Court has supplemental jurisdiction over

Plaintiff's state law claims (the RFDCPA, and CCRAA), which form part of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a). Specifically, like Plaintiff's FCRA claim, Plaintiff's state law claims also allege that Defendant furnished inaccurate information to credit reporting agencies regarding a debt owed by Plaintiff. Complaint, ¶¶ 21-22, 27-32. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about April 1, 2016, Plaintiff filed this action in the Superior Court of California for the County of Riverside. Defendant was served with the Complaint on April 20, 2016. This Notice of Removal is timely in that it was filed within 30 days from the time Defendant had notice that the action was removable, and less than a year after the commencement of the action. *See* 28 U.S.C. § 1446(b).

The Superior Court of California for the County of Riverside is located within the United States District Court for the Central District of California, Eastern Division. *See* 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the Superior Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

///

WHEREFORE, Defendant respectfully removes this action from the Superior Court of California for the County of Riverside to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED: May 20, 2016

YU | MOHANDESI LLP

By  */s/ Brett B. Goodman*
B. Ben Mohandesi
Jordan S. Yu
Brett B. Goodman
Attorneys for Defendant
Southwest Credit Systems, LP

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Yu | Mohandesi LLP, 633 West Fifth Street, Suite 2800, Los Angeles, CA 90071. On May 20, 2016, I served the following document(s) by the method indicated below:

**DEFENDANT SOUTHWEST CREDIT SYSTEMS, LP'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(C), AND 1446**

|   | |
|---|---|
|   | by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was ordered by the Court. |
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
|   | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
|   | by having the document(s) listed above hand-delivered to the person(s) at the address(es) set forth below. |
|   | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business to the address(es) set forth below. |
|   | by emailing the document(s) listed above to the person(s) at the address(es) set forth below. |

*<u>Plaintiff's Counsel</u>*
Todd M. Friedman
Adrian R. Bacon
Meghan E. George
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 20, 2016, at Los Angeles County, California.

*/s/ Diana Choe*
_____
Diana Choe