# EXHIBIT A

COPY

1  Todd M. Friedman (216752)
2  Meghan E. George (274525)
   Adrian R. Bacon (2803332)
3  Law Offices of Todd M. Friedman, P.C.
   324 S. Beverly Dr. #725
4  Beverly Hills, CA 90212
   Phone: 877-206-4741
5  Fax: 866-633-0228
6  tfriedman@toddflaw.com
   mgeorge@toddflaw.com
7  abacon@toddflaw.com
8  Attorneys for Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 01 2016

K. Garcia

4/20/16
8 10 S

9
10        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
              **FOR THE COUNTY OF LOS ANGELES**
11                  **LIMITED JURISDICTION**

12
13  CARRIE COUSER,                     )   CASE NO.: **RIC 1603776**
                                       )
14                    Plaintiff,       )   **COMPLAINT FOR DAMAGES:**
                                       )
15  -vs-                               )   1.  Violation of Rosenthal Fair Debt
                                       )       Collection Practices Act
16                                     )   2.  Violation of Fair Credit Reporting
                                       )       Act
17  SOUTHWEST CREDIT SYSTEMS, L.P;     )   3.  Violation of California Consumer
    DOES 1-10, INCLUSIVE.              )       Credit Reporting Agencies Act
18                                     )
19                    Defendant.       )

**BY FAX**

20
21                      **I. INTRODUCTION**
22      1.  This is an action for damages brought by an individual consumer for Defendant's
23  violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*
24  (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive,
25  and unfair practices; and for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C.
26  §1681 (hereinafter "FCRA"), and the California Consumer Credit Reporting Agencies Act
27
28

California Civil Code § 1785.25 (a) (hereinafter "CCRA"), which regulate the collection, dissemination, and use of consumer information, including consumer credit information

## II. PARTIES

2.      Plaintiff, Carrie Couser ("Plaintiff"), is a natural person residing in Riverside County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h). Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a.

3.      At all relevant times herein, Defendant, Southwest Credit Systems, LP, ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).   Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA.

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report.

5.      When Plaintiff contacted the underlying creditor, Plaintiff was told she did not owe any balance or debt. Incredibly, Defendant alleges that Plaintiff still owes a past due balance.  However, Plaintiff is informed, upon valid information and belief, that Plaintiff does not owe the account.

7.      On October 7, 2015, Plaintiff's counsel sent a notice of representation to Defendant.

8.      Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a)  Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

    b)  Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

    c)  Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

    d)  Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

    e)  Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and

    f)  Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10)).

9.      Further, Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

10.     Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

11.     As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased.  Plaintiff was denied an auto loan due to the derogatory items placed by Defendant on Plaintiff's credit report.

12.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

13.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

14.   Plaintiff has been damaged, and continues to be damaged, in the following ways:

> a.   Denial of credit by at least one lender;
> b.   Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
> c.   Decreased credit score which may result in inability to obtain credit on future attempts.

15.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

16.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

17.     Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

> a.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
> b.   Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

18.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

19.     Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports.  Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

20.     As a result of the above violations of the RFDCPA, FCRA, and CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF ROSENTHAL
FAIR DEBT COLLECTION PRACTICES ACT**

21.     Plaintiff reincorporates by reference all of the preceding paragraphs.

22.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Actual damages;
B.     Statutory damages for willful and negligent violations;
C.     Costs and reasonable attorney's fees; and

D.     For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT**

25.    Plaintiff reincorporates by reference all of the preceding paragraphs.

26.    To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Actual damages;
B.    Statutory damages for willful and negligent violations;
C.    Costs and reasonable attorney's fees; and,
D.    For such other and further relief as may be just and proper.

**COUNT III: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

27.  Plaintiff incorporates by reference all of the proceeding paragraphs.

28.    California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

29.    California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

30.    California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the

information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

31.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

32.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)  Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees;

(d) For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 30th day of March, 2016.

By: _____
     Meghan E. George, Esq.
     Law Offices of Todd M. Friedman, P.C.
     Attorney for Plaintiff